United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

EUGENE HART,

              Plaintiff,

    v.

EUGENE HART, et al.,

              Defendants.

Case No. 26-cv-00971-LB

**SCREENING ORDER**

Re: ECF No. 1

### INTRODUCTION AND STATEMENT

Plaintiff Eugene Hart, Jr., who is representing himself and proceeding in forma pauperis, filed a complaint against twenty individuals.[1] The complaint lists the following claims: child sex abuse, breach of minors' privacy, Digital Millennium Copyright Act (DMCA) Notice, Megan's Law violation, and "'C.P.S.' enforce law."[2] The little the court is able to discern from the complaint is that the plaintiff was accused of sexually abusing his daughter, he reported concerns he had about his daughter to Child Protective Services (CPS), and then heard rumors from people testifying about child pornography. The complaint alleges the existence of some kind of conspiracy

---

[1] Compl. – ECF No. 1 at 1–2 (¶ 2), 8:2–12. The caption in the complaint also lists "Eugene Hart" as a defendant. This may be a mistake. *Id.* at 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 2 (¶ 3), 5:4, 6:3.

ORDER – No. 26-cv-00971-LB

involving underage pregnancy, sex trafficking of a minor, prostitution, domestic violence, and murder for hire that the plaintiff claims involves his daughter. Although it names many defendants, it does not explain who they are or who did what.[3]

The issue is that the court is unable to discern any cognizable federal claim from the complaint. The plaintiff must allege facts supporting a claim based on federal laws or the Constitution to bring a claim in federal court where, as here, the parties appear to be citizens of the same state. The plaintiff may file a supplement to his complaint by March 2, 2026, explaining facts that support a federal claim. He does not need to explain the law, only the facts supporting a federal claim, and must explain who violated his rights and how. Alternatively, he may file a one-page dismissal.

## ANALYSIS

The issue is whether the court has subject-matter jurisdiction over the plaintiff's claims. Based on the current complaint, there is no jurisdiction.

Before a court can direct the U.S. Marshal to serve — under Fed. R. Civ. P. 4(c)(3) — the complaint of a person proceeding in forma pauperis under 28 U.S.C. § 1915(a), the court must determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Federal courts are courts of limited jurisdiction. *E.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff must show federal jurisdiction. *See, e.g.*, *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). There are two ways to establish the court's jurisdiction: federal-question jurisdiction and diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is federal-question jurisdiction if the case "aris[es]

---

[3] *Id.* at 2–8.

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. *Id.* § 1332(a). The Supreme Court has interpreted § 1332(a) to require "complete diversity of citizenship" — that is, each plaintiff must be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Also, a plaintiff must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1).

Here, the plaintiff's complaint does not establish subject-matter jurisdiction. First, there is no diversity jurisdiction because the plaintiff and defendants all reside in California.[4] Second, there is no federal-question jurisdiction because the court is unable to identify a cognizable federal claim in the complaint.

There is no federal civil claim for child sex abuse, breach of minors' privacy, or Megan's Law. "Megan's Law refers to state and federal laws mandating registration of sex offenders and corresponding community notification." *Mack v. FBI*, No. 2:25-cv-07611-MCS-JC, 2025 WL 3691942, at *1 n.2 (C.D. Cal. Aug. 18, 2025) (citing *Smith v. Doe*, 538 U.S. 84, 89–90 (2003)). It does not create a federal private right of action.

Although the plaintiff lists "DMCA Notice" as a claim, he does not allege any facts supporting a DMCA claim. The DMCA allows service providers like Google or YouTube to avoid liability for copyright infringement by quickly removing content after receiving a "takedown notification" from the copyright holder that the content is infringing. *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151 (9th Cir. 2016) (citing 17 U.S.C. § 512(c)). It outlines procedures the service providers must comply with as well as requirements for the contents of takedown notifications and counter-notifications (for contesting a takedown). *Id.* Section 512(f) allows plaintiffs to sue "[a]ny person who knowingly materially misrepresents under this section — (1) that material or activity is infringing, or (2) that material or activity was removed or disabled by mistake or

---

[4] *Id.*

United States District Court
Northern District of California

misidentification." 17 U.S.C. § 512(f). The complaint does not allege that the plaintiff was involved in any activities subject to a DMCA procedure.

To the extent the complaint can be understood as bringing a defamation claim, there is no federal cause of action for defamation. *See, e.g.*, *Miller v. Sawant*, No. C18-506 MJP, 2022 WL 1567091, at *1 (W.D. Wash. May 18, 2022) ("[T]he Court is unaware of any federal common law or statutory cause of action for defamation.").

Without a viable federal claim, there is no federal-question jurisdiction.

## CONCLUSION

On this record, the court is unable to discern any federal claims in the complaint and so lacks subject-matter jurisdiction. The plaintiff may file a supplement to his complaint explaining facts that support a federal claim by March 2, 2026. He does not need to explain the law, only the facts supporting a federal claim, and must explain who violated his rights and how. Alternatively, the plaintiff may file a one-page dismissal. A failure to comply with these requirements may result in dismissal of the case without prejudice.

**IT IS SO ORDERED.**

Dated: February 6, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

ORDER – No. 26-cv-00971-LB                    4